# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MANDRELL LOYDE | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | NO. 3:16-cv-2930 |
| | ] | JUDGE CRENSHAW |
| RYAN C. CALDWELL | ] | |
|     Defendant. | ] | |

## M E M O R A N D U M

Plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Ryan Caldwell, a member of the Davidson County Bar, seeking injunctive relief and damages.

Earlier this year, the Defendant represented the Plaintiff in a criminal matter in Davidson County. The Plaintiff claims that, during the course of this representation, the Defendant chided him with racial slurs and sexually assaulted him.

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that the Defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, Plaintiff's claims against his attorney are not actionable under § 1983.

When a prisoner Plaintiff proceeding as a pauper fails to state a claim upon which relief can

1

be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
United States District Judge